UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUMINITA HIX,

    Plaintiff,                                Case No. 10-cv-12393

v.                                          HONORABLE STEPHEN J. MURPHY, III

BENNY HINN,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED
## IN FORMA PAUPERIS AND DISMISSING COMPLAINT

Plaintiff Luminita Hix filed a pro se complaint and an application to proceed without payment of the filing fee, or *in forma pauperis* ("IFP"), on June 17, 2010. Upon reviewing the application, the Court agrees that Hix is unable to pay the filing fee, and will grant her application.[1]

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), however, the Court will dismiss Hix's complaint sua sponte because it fails to state a claim for relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 212 (2007) (court must dismiss case when the action satisfies section 1915(e)(2)(B) and has no discretion to permit amendment to avoid *sua sponte* dismissal). The Court will dismiss the complaint also because it lacks subject matter jurisdiction.

---

[1] The Court notes an apparent inconsistency between the complaint and the IFP application. The complaint alleges that Hix has six children, four of whom are under the age of eighteen. Compl. 2. Her application to proceed IFP, however, indicates "N/A" under the portion asking her to list the people dependent on her for support. Application, p. 2. Assuming these statements are inconsistent, the Court will credit the statement in the application for purposes of granting the application.

The Federal Rules of Civil Procedure require that to state a valid claim for relief, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support[.]" Fed. R. Civ. P. 8(a)(1). Furthermore, if at any time a court determines it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). A district court must consider whether it has jurisdiction to hear a case even when the parties concede or do not raise the issue. *Douglas v. E.G. Baldwin & Assocs.*, 150 F.3d 604, 606-07 (6th Cir. 1998).

Hix's complaint alleges that Defendant Benny Hinn -- the Christian televangelist, author, and speaker[2] -- stalked, defamed, and abused Hix and her family by publishing to others naked pictures of Hix that Hinn allegedly captured after unlawfully entering Hix's home while Hix was asleep. Compl. 1. Hix also alleges that Hinn raped and abused Hix's children, and interfered with Hix's efforts to raise her children by disparaging the family's faith and encouraging her children to rebel against the faith. *Id.* Hinn allegedly engaged in this malicious conduct because Hix reported Hinn's alleged crimes to CNN and the Federal Bureau of Investigation in 2007. *Id.* at 1-2. Hix also claims that Hinn "seized" Hix's "writings," a list of which is attached to the complaint. *Id.* at 2. She requests a restraining order prohibiting Hinn from entering the states of Michigan and Tennessee, where she and her children reside.

Hix's complaint contains no jurisdictional statement required by Rule 8, and jurisdiction is not otherwise apparent from review of the entire complaint. Although the civil cover sheet attached to the complaint indicates that subject matter jurisdiction is predicated

---

[2] The caption includes a reference to "bennyhinn.org," which is the web address for Benny Hinn Ministries.

on the existence of a federal question, the Court is unable to divine the presence in the complaint of any well-pleaded federal question. All of the claims are predicated on traditional state law causes of action such as defamation, assault, and conversion. Moreover, none of these claims appear to implicate any "substantial federal interest" or "significant federal issues" that would confer federal question jurisdiction on the Court despite the absence of a well-pleaded federal question. *See Grable & Sons Metal Prods., Inc. v. Darus Eng'g & Mfg.*, 545 U.S. 308, 311, 312 (2005). The complaint also fails to allege facts that would support the presence of diversity jurisdiction. 28 U.S.C. § 1332.

Hix's complaint, therefore, both fails to state a valid claim for relief, and lacks an adequate basis of subject matter jurisdiction. Accordingly, the Court must dismiss the action pursuant to 28 U.S.C. § 1915(e)(2), and because the action lacks subject matter jurisdiction.

**WHEREFORE**, it is hereby **ORDERED** that Hix's application to proceed *in forma pauperis* is **GRANTED.**

**IT IS FURTHER ORDERED THAT** Hix's complaint is **DISMISSED** *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and for lack of subject matter jurisdiction.

**SO ORDERED.**

s/Stephen J. Murphy, III
Stephen J. Murphy, III
United States District Judge

Dated: June 28, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 28, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager